UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

Plaintiff,

v.

KATHLEEN MACDONALD,

Defendant.

_______________________________/

Case No. 16-13039

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DISMISSING CASE**

On August 22, 2016 Plaintiff filed a pro se complaint, an Application to Proceed In Forma Pauperis [2]. The Court granted Plaintiff's application to proceed without prepaying fees or costs on September 29, 2016. [5]. For the reasons stated below, the case is dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

The Court is required to dismiss a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the

> district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed. *McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff's complaint seeks declaratory judgment in three counts, specifically (1) a declaratory judgment that Defendant Wayne County Circuit Judge Kathleen MacDonald does not have jurisdiction under the Mandatory Victims Restitution Act (MVRA) to enforce this Court's Restitution Order entered against Plaintiff and does not have the jurisdiction to enter an order authorizing Defendant Schiller to seize assets of Plaintiff to satisfy this Court's criminal restitution order; and (2) a declaratory judgment that Defendant Schiller, in his official capacity as the Emergency manager for the Highland Park School District, does not have standing under the MVRA to institute proceedings in the Wayne County Circuit Court or any other state court to enforce this Court's criminal restitution order.

Plaintiff is also seeking to enjoin Defendants Schiller and Pollard, Schiller's attorney in state court, from instituting or proceeding with a state court proceeding which seeks to enter an order that conflicts with this Court's criminal restitution order and also from seeking the entry of an order in a state court proceeding that enforces this Court's criminal restitution order and that requires Plaintiff to turn over assets and/or property to be placed in an escrow account. Finally, Plaintiff brings a claim of retaliation under §1983, alleging that Defendant Schiller retaliated against Plaintiff for exercising his first amendment rights by filing a frivolous motion with Defendant Katheleen MacDonald seeking the entry of an order enforcing the entry of an order enforcing this Court's criminal restitution order.

This complaint is seeking civil remedies of declaratory judgment, injunction and punitive and compensatory damages on issues that the Court has already ruled are devoid of merit in Plaintiff's criminal case in the Order [90] entered August 26, 2016, denying Motion for Entry of Order as to Robert Davis. *USA v. Robert Davis*, 12-cr-20224-AJT-PJK-1. Consistent with that Order, this complaint is frivolous and must be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The proposed order in Wayne County Circuit Court follows state court procedure for post judgment proceedings. The Highland Park School District

(HPSD) has an outstanding judgment in state court, and as such, the Wayne County Circuit Court has the authority to "compel a discovery of any property or things in action belonging to a judgment debtor" as well as the power to "prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor." MCL § 600.6104; § 600.6116. This is exactly what the Wayne County Circuit Court is contemplating in the Motion and proposed orders filed by HPSD. Because HPSD has an outstanding judgment, they have standing to seek this relief.

In regards to Plaintiff's assets, the order is seeking to prohibit Plaintiff from "transferring, disposing, or concealing any property not exempt from execution whether now owned or possessed by Robert Davis or hereinafter acquired until such Judgments are satisfied." This is a valid exercise of power under state law MCL §600.6104. The state court's proposed order does not attempt to enforce this Court's restitution order, to order the Defendant to satisfy judgment, or to amend or alter this Court's restitution order. The state court merely is following Michigan procedures for post judgment process per HPSD's request. The Court will not issue a judgment preventing HPSD from requesting legally available discovery under valid Michigan state law.

Additionally, there is reason under the MVRA that the HPSD would seek discovery in the state court and is allowed to so proceed. In the MVRA, private parties named as payees in the restitution order have the ability to notify the Court of a material change in the Defendant's economic circumstances. 18 USCA §3664(k). As the Government points out in its response brief, the existing state court judgment provides the HPSD authority to pursue its discovery motion in the Wayne County Circuit Court. [88 at 6]. Reference to the judgment merely informs Defendant that the information could be used for more than one purpose, and does not nullify the need for discovery to take place in the first place in regards to the outstanding state court judgment. There is nothing in the MVRA that prevents the HPSD from using valid state law procedures in state court to effectuate a creditor's examination.

The Court will not declare that the Emergency Manager of Highland State Park in his official capacity lacks the ability to pursue collection of the federal restitution in this case because there is an avenue for HPSD to use to seek to collect the funds it is owed in the judgment. Per 18 U.S.C.A. § 3664(m)(1)(B), while a victim of a crime cannot affirmatively enforce the restitution in a criminal case in federal court, a victim named in a restitution order, such as HPSD, can request the clerk of the court to issue an abstract "judgment certifying that a

judgment has been entered in favor of such victim in the amount specified in the restitution order." Once that judgment is docketed with the Court, "the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State." *Id*.

There is no basis in law for the Court to issue the declaratory judgments sought, and thus there is additionally no basis for an injunction to issue or any retaliation claim based on the lawful actions of the Defendants in state court. They are proceeding per valid Michigan State statutes and not violating any law, thus this complaint must be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**IT IS ORDERED** that Plaintiff's Complaint [1] be **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 4, 2016